# Exhibit 2

133997v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALYSSA GORDON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 06-cv-01055 (RJL) |
| | ) Next Event:   DL for Plaintiff's 26(a)(2) |
| ELI LILLY AND CO., et al. | )          January 26, 2007 |
| Defendants. | ) |

RECEIVED OCT 1 2 2006

## PLAINTIFF ALYSSA GORDON'S ANSWERS TO DEFENDANT ELI LILLY AND COMPANY'S FIRST SET OF INTERROGATORIES

1. Please state your present name, date and place of birth, Social Security Number, and all other names you have used or been known by, including the period during which you were known by such other names.

**ANSWER:** Name: Alyssa Gordon; Date of Birth: 4/08/68; Place of Birth: Boston, Massachusetts;

Social Security No.: 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; Prior Names: Alyssa Proctor prior to 7/14/01.

2. Please state in chronological order the full address for each residence at which you have resided for a period of thirty (30) days or more, and state the date each such residency was commenced and terminated.

**ANSWER:**   a.   Georgetown Road
         Boxford, MA
         (4/08/68 - 1969)

   b.   67 Lydon Lane
         Cape Elizabeth, ME
         (1969 - 1972)

   c.   46 Winfield Street
         East Freetown, MA
         (1972 - 1990, 1991 - 1993)

   d.   University of Rochester
         Rochester, NY
         (1986 - 1990)

  e. Address unknown
   Nashua, NH
   (1990 - 1991)

  f. 330 Myricks Street
   East Taunton, MA
   (1993 - 1996)

  g. 40 Hodges Avenue
   Taunton, MA
   (1996 - 1997)

  h. Cottage Street
   West Newton, MA
   (1997 - 1998)

  i. 21 Lawrence Street
   Quincy, MA
   (1998 - 1999)

  j. 37191 Panton Terrace
   Fremont, CA
   (1999 - 2000)

  k. 35 Humboldt Street
   San Mateo, CA
   (2000 - 2001)

  l. 8 Apple Street
   Sherborn, MA
   (2001 - 2001)

  m. 11 Quail Run Road
   Bellingham, MA 02019
   (2001 - Present)

3. Please state whether you have ever been married and, if so, for each marriage identify the full name and present address of your spouse, the date and place of marriage and the date, place and manner of the termination of any such marriage, including the date, place and court where any divorce or dissolution was granted.

**ANSWER:** Spouse: Donald Gordon; Address: 11 Quail Run Road, Bellingham, MA 02019; Date

and place of marriage: July 14, 2001 in Freeport, Maine.

4.  Please state your educational background including colleges attended, years of such attendance and any degrees or diplomas obtained from such colleges.

**ANSWER:** College: University of Rochester; Years Attended: 1986 - 1990; Degree Obtained: B.A. in Economics and French.

5.  Please state the name and address of your present and past employers and/or any periods of self-employment, including the job title, nature of duties, length or period of employment or self-employment, average monthly earnings and reason for leaving employ of each such employer or period of self-employment.

**ANSWER:**

    a.  Employer: Self-employed; Job Title: Bar owner/manager; Period of Employment: 2004 - Present; Monthly earnings: $950/mo.

    b.  Employer: Self-employed; Job Title: Property manager; Period of Employment: 2002 - Present; Monthly earnings: $1,000/mo;

    c.  Employer: Electronic Data Systems; Job Title: Network Security supervisor; Period of Employment: 2001 - 2005; Monthly earnings: $4,000/mo Reason for Leaving: Opened own business;

    d.  Employer: Micromenders; Job Title: Senior Network Engineer; Period of Employment: 2000 - 2001; Monthly earnings: $5,500/mo;

    e.  Employer: Advanced Technical Services; Job Title: Systems/Network Engineer; Period of Employment: 1999 - 2000; Monthly earnings: $5,000/mo.

    f.  Employer: Electronic Data Systems; Job Title: Systems Engineer; Period of Employment: 1992 - 1999; Monthly earnings: $3,500/mo;

    g.  Employer: Goosefeathers; Job Title: Waitress; Period of Employment: 1990 - 1992; Monthly earnings: $400/mo;

    h.  Employer: Grisanti's; Job Title: Waitress; Period of Employment: 1986 - 1990; Monthly earnings: $400/mo;

    i.  Employer: Sundancer Restaurant; Job Title: Waitress; Period of Employment: 1984

- 1986 (summers); Monthly earnings: $200/mo.

6. Except for the present lawsuit, if you ever made any claim or filed any lawsuit for personal injury or disability, please provide details, including the approximate date each such claim or other lawsuit was filed; the nature of your claimed injury, disability or condition; the name and address of each person, firm or corporation against whom such claim or suit was made or filed; the amount received by way of settlement, payment or judgment for each such claim or suit; the approximate date, location and circumstances of the occurrence causing any injury, disease or disability for each such suit or claim; and the name and address of the court, commission or other body before which such claim or suit was filed, if any, and the number assigned to each such claim or suit.

**ANSWER:** Plaintiff has never filed a lawsuit.

7. Please state the name and address of each physician or other health care provider who has treated you for <u>any</u> reason which you do <u>not</u> attribute to your alleged exposure to the diethylstilbestrol (DES) referred to in your Complaint, including the nature, date, location, of any such treatment, the name and address of each hospital, clinic or other health care facility where you were confined, treated or examined, and the dates of such confinement, treatment or examination.

**ANSWER:** Plaintiff objects to this Interrogatory as overly broad, burdensome, irrelevant, nor will it lead to the discovery of any relevant information pertaining to Plaintiff's claims. In addition, Plaintiff objects to any health care provider not relevant to her gynecological or associated conditions. Without waiving said objections, the following have conducted gynecological examinations:

a. James Austin, M.D., 1155 Centre Street, Jamaica Plain, MA 02130.

b. Julia Logan, M.D., Southboro Medical Group, 24 Newton Street, Southboro, MA 01772.

c. Kim Thornton, M.D. and Merle Berger, M.D., Boston IVF, 40 Second Avenue, #300, Waltham, MA 02154 and One Brookline Place, Brookline, MA 02445

d. Jodi Abbott, M.D., Beth Israel Deaconess Medical Center, 330 Brookline Avenue, Boston, MA 02215.

e. Robin Fischer, M.D., Fertility Center of New England, 20 Pond Meadow Drive, Suite 101 Reading, MA 01867.

4

8.  In regard to your menstrual history, please state your age at the onset of menstruation, whether menstruation was regular, and if not, describe such irregularities as well as any cramping, fainting, dizzy spells, or any other difficulties with menstruation (such as excessive or prolonged flow), and if you have consulted a physician or other health care provider regarding any of these irregularities or difficulties, please state the name and address of the physician, the approximate dates consulted and the reason for any such consultation, examination or treatment.

**ANSWER:** Plaintiff's age at menarche was approximately thirteen. Her menstruation is regular.

9.  If you have ever attempted to become pregnant, but been unable to conceive, please state the number of months or years (give approximate dates) you were unable to conceive, and the name and address of any physician or other health care provider consulted and the date(s) of each consultation.

**ANSWER:** Plaintiff started attempting pregnancy in approximately April 2002. She consulted Drs. Thornton, Fischer, Berger and Abbott regarding pregnancy.

10.  If you have ever been pregnant, please state the number of months or years you attempted to conceive before becoming pregnant and the approximate date of conception; the date of termination of the pregnancy and the result (e.g., childbirth, miscarriage, spontaneous abortion, therapeutic abortion, etc.); the name and address of each physician or other health care provider consulted during the pregnancy; the name and address of the physician or other health care provider attending the birth (or abortion); the name and address of the hospital where each child was born (or each pregnancy, miscarried or aborted); if the pregnancy resulted in the birth of a child, the name and address of each child; whether the child had any birth defects or inherited diseases/disorders and, if so, the nature of each such birth defect, disease or disorder; whether each child is now deceased and, if so, the date, place, and cause of each child's death.

**ANSWER:** Plaintiff has never been pregnant.

11.  Please state the inclusive dates of your mother's pregnancy with you, your mother's and father's names as of your date of birth, your mother's address during her pregnancy with you, the name and address of the doctor and/or other persons who delivered you, the name and address of the hospital or other place where you were delivered, including a description of the location if not delivered in a hospital.

**ANSWER:** Inclusive Dates of Pregnancy: approximately 6/67 - 4/08/1968; Parent's names: Nancy and Eugene Proctor; Mother's Address: Georgetown Road, Boxford, MA; Doctors' names and address: Drs. Herbert Horne and Robert Wheatley; Hospital: Boston Lying-In Hospital, Boston, MA.

12.     Please list the names of all drugs and medications used by you within the last ten (10) years, including, but not limited to, antibiotics, contraceptives, tranquilizers, sleeping pills, antihypertensives, diet aids or hormones; the inclusive dates each such drug or medication was used; the purpose for which each such drug or medication was used; and the name of the physician or other health care provider, if any, who prescribed such drug or medication for your use.

**ANSWER:**  Plaintiff objects to this Interrogatory as overly broad and burdensome, nor will it lead to the discovery of information relevant to her claim. The only relevant hormone plaintiff has been exposed to is the DES she was exposed to in utero.

13.     Please describe with specificity the injuries, disabilities and/or conditions which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, including any complaints of injury, disability, or condition which have now subsided and when you last had those complaints, and if you are claiming any aggravation of any injury, disability, or condition describe such condition, and the manner in which you claim such condition was aggravated by your alleged exposure to the drug identified in the Complaint.

**ANSWER:**   a.   T-shaped uterus with constriction ring.

   b.   Primary infertility.

   c.   Anger and resentment that reproductive potential is damaged.

   d.   Relationship with spouse complicated by anger, resentment, and disappointment.

   e.   Depression.

   f.   Relationship with parents complicated by feelings of guilt and empathy.

Plaintiff reserves the right to supplement this Answer as discovery progresses.

14.     If you have been confined, examined, x-rayed or treated in any hospital or clinic or physician's office or have consulted any physician or other health care provider as a result of any injury, disability, or condition which you allege to have resulted from your alleged exposure to the drug identified in your Complaint, please state the name and address of each such hospital or clinic or office, the name and address of each treating physician or other health care provider, and the nature of the treatment received by you, including the date of each such confinement, examination, x-ray or treatment.

**ANSWER:**  Plaintiff has never had any overnight hospital stays related to her claim.

15. Please itemize any and all special damages you claim to have incurred as a result of your alleged exposure to the drug identified in your Complaint, including but not limited to, doctor and hospital bills, prescription bills, counseling services, nursing services, and other employed help, including the name and address of the person or company performing the service, the amount of each bill and the nature of the services rendered.

**ANSWER:** Plaintiff's Special Damages will be produced upon receipt and compilation.

16. If you are claiming any loss of income or earnings as a result of any injuries, disabilities or conditions attributed to your alleged exposure to the drug identified in your Complaint, please state the total amount claimed, the dates of employment missed and the reasons therefore; and for the last 5 years in which you filed federal income tax returns, state as to each return filed, your name as it appeared on the federal return, whether the return was a joint return, and the name of your spouse as it appeared on the return if a joint return was filed, and your address as it appeared on the return.

**ANSWER:** Plaintiff may supplement this response.

17. As to your mother, please state her current full name, maiden name, and any other names used; her date and place of birth; her present address if living, the date and cause of death if deceased; all residences at which your mother lived for a period of more than thirty (30) days since her pregnancy with you was diagnosed; any and all major illnesses, diseases and/or conditions your mother has or has had and the approximate dates of such illness, disease and/or condition; the approximate date of each of your mother's pregnancies; the outcome of each of your mother's pregnancies; what drugs, including diethylstilbestrol (DES), were administered in each of your mother's pregnancies; any medical problems developed during your mother's pregnancies; the name and address of each physician or other health care provider your mother consulted during each pregnancy; the name and address of the hospital or clinic where your mother was confined during each such pregnancy; your mother's present marital status and, if married, the name and address of her spouse.

**ANSWER:** Mother's name: Nancy (Byrnes) Proctor; Date and place of birth: 7/11/38, Beverly, MA; Present Address: 51 Quarry Cove Road, Raymond, ME 04071 (June - October) and 750 Egret Circle, #6407, Delray Beach, FL 33444 (November - May); Prior addresses:

   a.  Georgetown Road
       Boxford, MA
       (1967 - 1969)

   b.  67 Lydon Lane
       Cape Elizabeth, ME

7

      (1969 - 1972)

  c.  46 Winfield Street
     East Freetown, MA
     (1972 - 1996)

  d.  51 Quarry Cove Road
     Raymond, ME 04071
     (1996 - Present)

  e.  750 Egret Circle, #6407,
     Delray Beach, FL 33444
     (1999 - Present)

Mother's major illnesses:  Skin cancer.

Plaintiff's mother has been pregnant five times as follows:

  a.  See Plaintiff's Answer to Interrogatory No. 11.

  b.  Miscarriage in February 1971.

  c.  Miscarriage in November 1971.

  d.  Miscarriage in October 1973.

  e.  Miscarriage in August 1977.

  Dr. Horne was Plaintiff's mother's physician for all of her pregnancies. DES was prescribed during the first three pregnancies.

Marital Status: Married. Spouses name and address: Eugene Proctor, addresses same as Nancy Proctor's.

18. As to your father, please state his full name; his place and date of birth; his present address if living, the date and cause of death if deceased; all residences at which your father lived for a period of more than thirty (30) days since the date of your birth; all major illnesses, diseases and/or conditions which your father has or has had and the approximate dates of such illness, disease and/or condition; his present marital status and, if married, the name and address of his spouse.

**ANSWER:**  Father's name: Eugene Proctor; Date and Place of Birth: 4/05/36 in Melrose,

Massachusetts; Present Address: same as above; Prior Residences: See Plaintiff's Answer to

Interrogatory No. 17; Major Illnesses: None; Marital Status/Spouse's Address: See Plaintiff's Answer to Interrogatory No. 17.

19. As to your brothers and sisters, please state their names at birth, their present names if different from their names at birth; their present addresses if living, the date and cause of their deaths if deceased; all major illnesses, diseases and/or conditions which each has or has had and the dates of each such illness, disease and/or condition; the date of each of their births and their relationship to you (natural brother, step-sister, adopted, etc.).

**ANSWER:** Plaintiff does not have any siblings.

20. As to your allegation that your mother ingested diethylstilbestrol (DES) during her pregnancy with you, and that such diethylstilbestrol (DES) was manufactured by Lilly, please state all dates when diethylstilbestrol (DES) was prescribed for your mother, the names and addresses of each physician who prescribed diethylstilbestrol (DES) for your mother, the names and addresses of all pharmacies, physician's offices, hospitals, clinics or other places at which your mother obtained diethylstilbestrol (DES) or it was obtained for her, the name and address of each person known to you or your representatives who has knowledge of facts which support such allegations and please identify each fact and each document which support such allegations.

**ANSWER:**  
a. Dates when DES was prescribed: approximately July 1967 - March 1968.

b. Drs. Herbert Horne and Robert Wheatley, Boston, MA.

c. Plaintiff's mother filled her DES prescription at Fraher's Apothecary in Topsfield, MA.

d. Plaintiff's parents have knowledge regarding this information. In addition, Plaintiff reserves the right to supplement this response.

21. Describe in detail the physical appearance of the diethylstilbestrol you allege your mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or size of any pill, tablet or capsule, the dosage of the DES your mother took, the number of times it was taken per day, and any markings that may have appeared on the product.

**ANSWER:** Plaintiff's mother recalls that the DES was in pill form.

22. Please state the date on which you first believed that your mother took DES during her pregnancy with you, the date you first discovered any injury you claim to be due to your exposure to DES, and the date you first believed that DES manufacturers in general or any DES manufacturer in particular acted in any way wrongly, negligently, or tortuously in the manufacture or distribution of DES or in the warning about the use of DES.

9

ANSWER:  a.   Plaintiff first learned she was exposed to DES n approximately 1984.

b.   Plaintiff first learned of her DES-related injury in August 2004.

c.   2006 was when Plaintiff first believed that DES manufactures acted in any way wrongly, negligently, or tortuously in the manufacture or distribution of DES or in the warning about the use of DES.

23.   For each document, letter, written statement, memorandum or other written material from Lilly that you, your attorneys or other representatives may have, please state the exact description of each such item, the date appearing on each such item, the location where each such item was obtained, the name and address of the person to whom such written material was directed, the name and address of the person who obtained each such item, the name and address of the person who provided each such item and the name and address of the person known to Plaintiff to have custody of the written material.

ANSWER:   My attorneys possess DES materials including labeling, A-Forms, brochures,

warnings, promotional literature, as well as state of the art literature.

24.   If you ever received, or if you have in your possession any documents, correspondence or publications from the national DESAD Project or any DES action organization please identify each such document, item of correspondence, or publication and indicate the date you received each such item and the source of each such item; and if not provided by the above-named organizations, please state the name and address of the person who gave you the item.

ANSWER:   Please see Plaintiff's Responses to request for Production.

25.   Please identify all other persons having personal knowledge of any of the facts bearing on your claim, and for each such person state his or her address, telephone number and relationship to you, if any.

ANSWER:   In addition to those persons previously aforementioned, William Leonard, R.Ph., 809

Ferncroft Towers, Danvers, MA 01983 has personal knowledge regarding product identification.

Plaintiff also reserves the right to supplement this Answer as discovery progresses.

The information contained in these answers, as well as the word usage, sentence structure and opinions, are not solely that of the declarant; rather, they are product of counsel in preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated: 10/3/06

Alyssa Gordon, Declarant

AARON M. LEVINE & ASSOCIATES, P.A.

AARON M. LEVINE, #7364 /sl
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
202/833-8040

Counsel for Plaintiff

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been mailed, this 9th day of October, 2006, by first-class mail, postage prepaid to:

John F. Kuckelman, Esq.
Shook, Hardy & Bacon, L.L.P.
2555 Grand Boulevard
Kansas City, MO 64018

Michelle R. Mangrum, Esq.
Shook, Hardy & Bacon, L.L.P.
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

_Aaron M. Levine/SL_
Aaron M. Levine